UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 99-834-CIV-MOORE

TELECOM ITALIA, SpA

    Plaintiff,

vs.

**ORDER**

WHOLESALE TELECOM CORP.

    Defendant/Third-Party Plaintiff,

vs.

TELEMEDIA INTERNATIONAL U.S.A., INC.,

    Third-Party Defendant.

_____/

THIS CAUSE came before the Court upon Third-Party Defendant's Motion To Dismiss Defendant's Third-Party Complaint (DE # 55).

UPON CONSIDERATION of the Motion, responses, and pertinent portions of the record, the Court enters the following Order.

### BACKGROUND

Plaintiff Telecom Italia, SpA ("Telecom Italia") initiated the litigation giving rise to the Third-Party Complaint at issue in this Order. In its Complaint against Defendant Wholesale Telecom Corporation ("WTC"), Telecom Italia sought to recover funds for services provided to WTC. Telecom Italia asserted that, as a worldwide provider of telecommunications services, it

provided switched transit telecommunications services to WTC at "agreed upon rates and payment terms," from July 1, 1998 through March 1999. Telecom Italia further alleged that it delivered a series of invoices to WTC, and that WTC failed to pay the amounts due under the invoices. Telecom Italia sought the amount due under the invoices, in addition to interest and costs, as payment for the services that it provided to WTC.

In August 1999, WTC filed a Counterclaim, asserting three causes of action for breach of contract, fraud in the inducement, and conspiracy. At that time, WTC also served a Third-Party Complaint upon Telemedia International U.S.A., Inc. ("TMI"), a U.S. corporation that is indirectly wholly-owned by Telecom Italia. The Third-Party Complaint alleges tortious interference with contractual relations and conspiracy.

In an Order dated November 29, 1999, the Court dismissed counts for fraud in the inducement and conspiracy from WTC's Counterclaim, concluding that WTC had failed to plead fraud with sufficient particularity, and that WTC had failed to allege a conspiracy under Florida law.

Third-Party Defendant TMI moves for dismissal of the Third-Party Complaint on several grounds. First, TMI asserts that the claims set forth in the Third-Party Complaint are subject to arbitration. Second, TMI argues that WTC has failed to state a claim for tortious interference with contract, and for civil conspiracy.

## DISCUSSION

### I. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. See Milburn v. United States, 734 F.2d 762,

765 (11th Cir. 1984). On a motion to dismiss, the Court notes that it must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988), cert. denied sub nom. Peat Marwick Main & Co. v. Tew, 486 U.S. 1055 (1988). Consideration of matters beyond the complaint is improper in the context of a motion to dismiss. See Milburn, 734 F.2d at 765 (11th Cir. 1984).

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted); see South Florida Water Management Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

**II. Arbitration**

Third-Party Defendant TMI argues that the Third-Party Complaint should be dismissed because the claims set forth by WTC are subject to arbitration under the Federal Arbitration Act ("FAA"). In response, WTC contends that the claims set forth within the Third-Party Complaint should be adjudicated by this Court because the claims therein do not arise out of the TMI contract.

On its face, the Third-Party Complaint would appear to arise from the contract between TMI and WTC, thus potentially subjecting the claims for tortious interference and conspiracy to arbitration under the FAA. However, as alleged, the claims set forth within the Third-Party Complaint do not involve directly the contract between TMI and WTC. Rather, the claims are based on allegations of tortious interference and conspiracy relating to the disruption of a separate contract—specifically that between WTC and Telecom Italia. WTC has not alleged a

claim for breach of contract by TMI.

Furthermore, because of the close relationship between the facts and claims at issue in the litigation currently proceeding between Telecom Italia and WTC, the interests of judicial economy would seem to be served best through the adjudication of WTC's Third-Party Complaint by this Court.

## II.     Tortious Interference

TMI asserts that WTC has failed to allege a claim for tortious interference. At best, claims TMI, WTC has alleged a claim for breach of contract.

A cause of action for tortious interference with an advantageous business relationship requires that the following four elements be established: (1) the existence of a business relationship under which the plaintiff has legal rights, (2) knowledge of the relationship by the defendant, (3) an intentional and unjustified interference with the relationship by the defendant, and (4) damage to the plaintiff as a result of the breach of the relationship. See Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla. 1994).

TMI asserts that WTC has failed to plead any facts that demonstrate intent, absence of a justification or privilege, or damages from the breach. In response, WTC asserts that it has alleged facts sufficient to support a claim for tortious interference with a contract, and the Court agrees.

Within the Third-Party Complaint, WTC advances a series of intentional actions on the part of TMI tailored to the specific purpose of causing WTC to breach its contract with Telecom Italia. In particular, WTC claims that TMI charged WTC certain rates for the lease of E-1 circuits that were several times higher than the then-competitive rates for similar circuits, required an excessive security deposit in contrast to prior practice, and unreasonably and unlawfully

requested WTC to terminate its relationship with Telecom Italia.

It is further alleged by WTC that once it had developed a substantial market in United-States originating international telecommunications traffic, TMI and Telecom Italia acted in concert to drive WTC from its business relationship with Telecom Italia. This occurred, claims WTC, because TMI sought to take advantage of the market that WTC had generated once WTC had been driven from its contract with Telecom Italia. In light of this argument, WTC offers that its has set forth facts demonstrating that TMI had a financial interest in the success of WTC's agreement with Telecom Italia, thus providing further support for the proposition that TMI's actions in attempting to drive WTC from its relationship with Telecom Italia were unjustified.

In review of the Third-Party Complaint and the arguments of counsel on the Motion To Dismiss, the Court finds that WTC has set forth sufficient facts to support its claim of tortious interference. Specifically, the Court finds that WTC has alleged intentional and unjustified interference by TMI with an existing contract between WTC and Telecom Italia, as well as damages to WTC resulting from the interference. Accordingly, Count I of the Third-Party Complaint for tortious interference with a contract shall stand.

### III.   Civil Conspiracy

The precise issue of whether WTC has stated a claim for conspiracy under Florida law was considered in the Court's November 29, 1999 Order on Plaintiff's Motion To Dismiss Defendant's Counterclaims. As determined previously, WTC has failed to plead the essential elements of a claim for civil conspiracy under Florida law. Accordingly, Count II of the Third-Party Complaint must be dismissed.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that Third-Party Defendant's Motion (DE # 55) is GRANTED in part and DENIED in part as follows:

Count II of the Third-Party Complaint is DISMISSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of December, 1999.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:  Andrew R. Spector, Esq.
     Robert Paterno, Esq.
     Mitchell F. Brecher, Esq.
     Debra A. McGuire, Esq.